Anne M. Nettles v. Commissioner.
Nettles v. Commissioner
Docket No. 3999-69 SC.
United States Tax Court
T.C. Memo 1970-315; 1970 Tax Ct. Memo LEXIS 47; 29 T.C.M. (CCH) 1442; T.C.M. (RIA) 70315; November 16, 1970, Filed. Daniel J. Sullivan, State Highway Dept., Helena, Mont., for the petitioner. Joe K. Gordon and W. Durrell Nielsen, for the respondent. 1443 FEATHERSTON
Memorandum Findings *48 of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's income tax for 1966 and 1967 in the respective amounts of $377.08 and $253.02, together with a penalty for 1966 under section 6651(a) [1] in the amount of $62.55. The issues presented for decision arise under sections 151 and 152 and are as follows: (1) Whether petitioner is entitled to dependency deductions for 1966 for her three William, Timothy, and Dennis; and (2) Whether petitioner is entitled to dependency deductions for 1957 for two of her sons, William and Dennis. The resolution of the first issue will determine whether respondent correctly disallowed certain medical expenses deducted for 1966; our decision on that issue also controls the applicability of the section 6651 (a) penalty. Petitioner has conceded that she did not furnish over half of the support of Timothy during 1967. Findings of Fact At the time the petition was filed with this Court, petitioner was a legal resident of Butte, Montana. She filed her Federal income tax returns *49 for 1966 and 1967 with the Internal Revenue Western Service Center, Ogden, Utah, or with the district director of internal revenue, Helena, Montana. The return for 1966 was filed on January 18, 1968; no extension of time for filing the return was obtained. Petitioner is a widow, her husband having died on June 11, 1959. She has three sons, William, Timothy, and dennis, who were 19, 18, and 16 years of age, respectively, at the beginning of 1966. All of them attended school during 1966 and 1967. William attended the School of Mines during 1966 and entered a local college in the fall of 1967; he continued to live at home during that period. Timothy finished high school in 1966 and went away to college in the fall of that year. Petitioner was employed by the Roberts Rocky Mountain Equipment Company during both of the years in controversy. Her salary was $4,000 in 1966. She was ill for several months during 1967, and her salary amounted to only $2,846. During her illness she borrowed an additional $300 and her employer paid the cost of her medical insurance. Over and above her salary and borrowing, she received social security benefits in the amounts of $933.60 in 1966 and $867.40 *50 in 1967. Her three sons received social security benefits in the total amounts of $2,361.60 in 1966 and $2,544.80 in 1967. All these sums - her salary, the proceeds of her borrowing, and the social security benefits for herself and her dhildren - were used to defray the family's living expense, except that Timothy's social security benefits, in the amount of $980.80, were sent to him after he went away to college. The three sons all worked at odd jobs after school and during the summer months, but their earnings were used for personal purposes, such as the purchase of automobiles for themselves and savings for college. Only minimal amounts of their earnings were used to support themselves, and none was used for the support of the family. Petitioner rode to and from her work with neighbors and incurred no commuting expense. Her expenditures for her own clothing, entertainment, and incidental items did not exceed $200 per year. She paid premiums totaling $206 per year on life insurance policies on the sons. All the rest of the income available to her was used for the support of herself and her family. Petitioner and her family lived in a house which was bought several years prior *51 to 1966. She was making mortgage payments on the house of $86.83 per month or $1,041.96 per year. Similar houses in the neighborhood have sold at prices ranging from $15,000 to $17,000. Its fair rental value during 1966 and 1967 was $135 per month, a total of $1,620 per year. In addition to providing houseing for the family, petitioner incurred the following specific expenses in 1966: Utilities
$420.00
Transportation and lunches for sons
650.00
Medical insurance for sons
264.00
Drugs
120.00
Glasses for sons
155.00
Dentist (for Timothy)
80.00
Operation (for Timothy)
80.00
Contributions
52.00
Purchase of kitchen range
188.82
Purchase of Ironrite
156.00 Except as indicated, these items are allocable equally among all four family members. The remainder of the money 1444 available to her was used for food for the family, clothing for her sons, and other items required for support. Timothy borrowed money to go to college in 1967, worked while he was in school, and, with the benefit of his social security payments, was relatively independent of the family. While William was living at home and attending school, he ate his lunches at school and his other *52 meals at home. In addition to continuing to maintain the house for herself, William and Dennis, petitioner incurred the following specific expenses in 1967: Utilities
$420.00
Payments on appliances
309.00
Transportation and lunches for sons
650.00
Medical insurance for sons
264.00
Contributions
52.00 Except as indicated, these items are allocable equally among petitioner, William, and Dennis. The remainder of the money available to petitioner was used for food for the family, clothing for her sons, and other items of support. Opinion The crucial issue is whether, within the meaning of section 152(a), [2] petitioner contributed over half of the support of her three sons, Timothy, William, and Dennis, during 1966, and of her two sons, William and Dennis, during 1967. The only other funds used for their support were social security benefits paid to them as survivors of their deceased father. *53 Petitioner lived a rather Spartan life; she did no entertaining, and took no trips or vacations. She did not have much money, but she devoted most of what she had to her three teen-age boys who were attending either high school or college during the years in issue. With the exception of some extremely modest personal expenditures, amounting to not more than $406 (life insurance on the sons and her personal items) in each of the years 1966 and 1967, all the money she was able to earn together with the social security payments she and her children received were used for the support of her and her family. In 1966 petitioner had spendable wages of $3,828.40, i. e., $4,000 less withheld taxes of $171.60, and social security payments to her of $933.60 and to her children of $2,361.60 - a total of $7,123.60. Of these funds, the $406, mentioned above, is specifically allocable to her; $160 (dentist and medical) is specifically allocable to Timothy's support; and $419 (glasses and medical insurance) is specifically allocable to the three children's support. That leaves $6,138.60 which was spent for the support of the family as a whole, i. e., for food, clothing, and housing, [3] and this *54 amount is allocable pro rata (about $1,535 each). Thus, the expenditures for William and Dennis amounted to $1,675 each, and for Timothy $1,835. These amounts exceed twice the social security payments ($787.20) which each child received. In respect to 1967, petitioner has conceded that Timothy was essentially selfsupporting. However, William and Dennis were still living at home, and she continued to materially contribute to their support. In that year she had spendable wages of $2,735.60, $2,846 less $110.40 of taxes withheld by her employer, social security payments to her of $867.40 and to her children of $2,544.80 - a total of $6,147.80. She also borrowed $300 during 1967 and used it to support her family, bringing the total amount available to $6,447.80. Of these funds, $406 is specifically allocable to her support, and $176 is specifically allocable to the support of the two children. In addition, Timothy's social security payments, amounting to $980.80 were sent to him at school and were not used *55 for the family support. The $4,885 ($6,447.80 less the total of the three specifically allocable sums, $406, $176, and $980.80) not otherwise accounted for was used for the support of the family generally - i. e., to provide food, clothing, and housing; [4] pro rata, $1,628.33 was available for each. The expenses for William and Dennis thus amounted to $1,716.33 each. This amount, being in excess of twice the 1445 $782 (one-half of $2,544.80 less $980.80) in social security payments attributable to each, allows petitioner to claim those two children as her dependents for 1967. From our holding that the three children were petitioner's dependents in 1966, it follows that petitioner is entitled to the disallowed medical expense deduction - the sums which she expended on behalf of the children. There remains the problem of the penalty determined under section 6651(a) [5] for 1966. That section permits an addition to tax of 5 percent of "the amount required to be shown as tax" on the *56 return for each month of delinquency, not to exceed 25 percent, as a penalty for the late filing of a return unless reasonable cause is shown. But the penalty is imposed on the net amount due - i.e., "the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed upon the return." Sec. 6651(b). Petitioner's tax return for 1966 reflects a reported tax liability of $44.71 and a claimed withholding credit in the amount of $171.60; the notice of deficiency indicates that the 25 percent penalty was applied to the determined tax liability in excess of the withholding credit (i.e., $421.79 less $171.60, or $250.19). Since the entire deficiency for 1966 was attributable to the disallowance of petitioner's claimed dependency and medical expense deductions, all of which we have held to be allowable, and since the withholding credit exceeded the reported tax, the penalty under section 6651(a) is not applicable. *57 To reflect petitioner's concessions as to 1967, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, * * *↩
3. The fair rental value of the house was $578.04 more than petitioner's total house payments, and this constitutes additional support in the amount of $144.51 for each child.↩
4. As in 1966, the fair rental value of the house was $578.04 more than petitioner's total house payments. This constitutes additional support in the amount of $192.68 for each child for 1967.↩
5. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file [an income tax return] * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩